IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TIARE FORGERSON, | ) | CV. NO. 10-00207 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | MOVANT HONOLULU POLICE |
| | ) | DEPARTMENT'S MOTION TO |
| CHEESEBURGER | ) | QUASH SUBPOENA DUCES |
| RESTAURANTS, INC., CIP- | ) | TECUM, OR, IN THE |
| WAIKIKI, INC., CHEESEBURGER | ) | ALTERNATIVE, FOR AN IN- |
| IN PARADISE-WAIKIKI, a | ) | CAMERA INSPECTION |
| California limited partnership, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART MOVANT
HONOLULU POLICE DEPARTMENT'S MOTION TO QUASH SUBPOENA
DUCES TECUM, OR, IN THE ALTERNATIVE, FOR AN IN-CAMERA
INSPECTION

On July 27, 2010, Defendants Cheeseburger Restaurants, Inc., CIP-Waikiki, Inc., Cheeseburger in Paradise-Waikiki, a California limited partnership, Cheeseburger Waikiki II, Inc., Cheeseburger Waikiki Limited Partnership, Laren Gartner, and Edna Bayliff (collectively "Defendants") issued a subpoena duces tecum to the Honolulu Police Department (the "HPD") for "any and all juvenile records that relate to, pertain to, or refer to [Plaintiff] Tiare Asia Forgerson" ("Plaintiff"). (Mot. Ex. A.) In response, the HPD filed a motion to quash the subpoena duces tecum, or in the alternative, for an in camera inspection of the

records requested. (Doc. # 31.) The HPD contends that pursuant to Hawaii Revised Statute ("H.R.S.") § 571-11, the Hawaii family court has exclusive original jurisdiction in proceedings "[c]oncerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance" and "for the protection of any child under [the Child Protective Act] . . . ." (Mot. at 2 (citation and quotations omitted)). The HPD further contends that pursuant to H.R.S. § 571-84(e), any police department records "relating to any proceedings authorized by section 571-11 shall be confidential and shall be open to inspection and use only by persons whose official duties are concerned with this chapter . . . or as otherwise ordered by the [Hawaii family court]." (Id. (citation and quotations omitted)). The HPD thus requests that the Court quash the subpoena duces tecum on the basis that it cannot produce Plaintiff's juvenile records without an order by the Hawaii family court. (Id.) The HPD requests, in the alternative, that the Court conduct an in camera inspection of Plaintiff's juvenile records to determine whether they are relevant to the action. (Id. at 2-3.) The HPD requests that, should it be required to produce Plaintiff's juvenile records, the Court order that such production be subject to a stipulated protective order. (See id. at 3.) The HPD also requests that Defendants reimburse

it for the cost of production.  (Id.)

The Court heard the HPD's motion on August 6, 2010.  During the hearing, the Court noted that it is not bound by Hawaii's laws governing the inspection and release of juvenile records.  The Court, however, recognizes that there are important interests in keeping juvenile records confidential and therefore agreed to conduct an in camera inspection of Plaintiff's juvenile records to determine whether they are discoverable pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . .  The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  After reviewing Plaintiff's juvenile records, the Court concludes that they fall within the scope of Rule 26(b)(1).  Plaintiff's complaint includes a claim against Defendants for intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 79-86.)  Plaintiff's complaint states that her emotional distress includes, among other things, the need for psychiatric care and prescription medications, anxiety, depression, suicidal thoughts, sleeplessness, nightmares, and

nervousness.  (Id. ¶ 57.)  Defendants contend that Plaintiff's juvenile records will show that her alleged emotional distress existed prior to the incident that gave rise to this action ("incident").  (Opp'n at 5-7.)  Given that Plaintiff was approximately twenty years old at the time of the incident, the Court concludes that Plaintiff's juvenile records are relevant to her IIED claim and any defense against such a claim.  The Court notes that this does not mean that Plaintiff's juvenile records are admissible at trial, only that such records appear, at the very least, reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing, the Court DENIES the HPD's motion insofar as it seeks to quash the subpoena duces tecum issued by Defendants.  The Court directs the HPD to produce Plaintiff's juvenile records to Defendants by September 3, 2010.  The Court GRANTS the HPD's motion as to its request that said production be subject to a stipulated protective order.  The Court also GRANTS the HPD's motion as to its request for reimbursement for the cost of production.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 31, 2010.


Tiare Forgerson v. Cheeseburger Restaurants, Inc., CIP-Waikiki, Inc., Cheeseburger in Paradise-Waikiki, a California Limited Partnership, et al., Civ. No. 10-00207 JMS-BMK, ORDER GRANTING IN PART AND DENYING IN PART MOVANT HONOLULU POLICE DEPARTMENT'S MOTION TO QUASH SUBPOENA DUCES TECUM, OR, IN THE ALTERNATIVE, FOR AN IN-CAMERA INSPECTION.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Tiare Forgerson v. Cheeseburger Restaurants, Inc., CIP-Waikiki, Inc., Cheeseburger in Paradise-Waikiki, a California Limited Partnership, et al., Civ. No. 10-00207 JMS-BMK, ORDER GRANTING IN PART AND DENYING IN PART MOVANT HONOLULU POLICE DEPARTMENT'S MOTION TO QUASH SUBPOENA DUCES TECUM, OR, IN THE ALTERNATIVE, FOR AN IN-CAMERA INSPECTION.